# EXHIBIT 8

# EXHIBIT 8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

UMG RECORDINGS, INC., CAPITOL
RECORDS, LLC, WARNER BROS.
RECORDS INC., SONY MUSIC
ENTERTAINMENT, ARISTA RECORDS
LLC, ARISTA MUSIC, ATLANTIC
RECORDING CORPORATION, CAPITOL
CHRISTIAN MUSIC GROUP, INC.,
ELEKTRA ENTERTAINMENT GROUP
INC., FONOVISA, INC., FUELED BY
RAMEN LLC, LAFACE RECORDS LLC,
NONESUCH RECORDS INC., RHINO
ENTERTAINMENT COMPANY,
ROADRUNNER RECORDS, INC., ROC-A-
FELLA RECORDS, LLC, TOOTH & NAIL,
LLC, and ZOMBA RECORDING LLC,

          Plaintiffs,

    vs.

GRANDE COMMUNICATIONS
NETWORKS LLC; and PATRIOT MEDIA
CONSULTING, LLC,

          Defendants.

Civil Action No. 1:17-cv-00365-LY

**NON-PARTY RESPONDENT IP
ECHELON'S OBJECTIONS TO
DEPOSITION SUBPOENA AND
DOCUMENT REQUESTS**

**NON-PARTY RESPONDENT IP ECHELON'S OBJECTIONS TO DEPOSITION SUBPOENA AND
DOCUMENT REQUESTS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

IP Echelon Pty, Ltd ("IPE") hereby objects to the subpoena for production of business records (the "Subpoena") served on it by Defendant Grande Communications Networks LLC, *et al*. ("Grande").

## OBJECTIONS TO SUBPOENA

IPE objects to the Subpoena on the following grounds:

## GENERAL OBJECTIONS

1.     Responding Non-Party IPE objects to the entirety of the Subpoena on the ground that Grande impermissibly failed to pay the proper and adequate witness fees for attendance and reasonable mileage. Fed. R. Civ. P. Rule 45(b)(1) (providing in pertinent part that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law"); *CF& I Steel Corp, v. Mitsui & Co.* (USA), 713 F.2d 494, 496 (9th Cir. 1983) (failure to simultaneously tender witness fees invalidates the service); *In re Dennis*, 330 F.3d 696, 705 (5th Cir. 2003) (holding that failure to tender "reasonably estimated" mileage fees, even if just a few dollars, along with witness fees, warrants quashing of subpoena); 28 U.S.C. §1821 (providing for statutory witness fee of $40 per day plus travel allowances and accommodation fees). Where, as here, the Subpoena conceivably requires Responding Non-Party IPE to send people from Australia to Los Angeles, Grande knew the required fees would amount to thousands (if not tens of thousands) of dollars, but they failed to pay anything.

2.     Responding Non-Party IPE objects to the entirety of the Subpoena on the ground that Grande failed to comply with Federal Rule of Civil Procedure 45(d)(1), which provides: "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who

fails to comply." Responding Non-Party IPE is entitled to an order protecting it (and its representative or representatives) from significant expense in complying with the Subpoena. Fed. R. Civ. P. Rule 45(d)(2)(ii).

3.     IPE objects generally to the Subpoena in that Grande's definitions of the "Universal Plaintiffs," "Sony Plaintiffs," "Warner Plaintiffs," "RIAA," and "Patriot" are excessively vague, overbroad, and ambiguous as to be unintelligible, as the definitions include "any subsidiary, predecessors, successors, affiliates, any present or former agent, employee, representative, director, officer, or any other person acting or purporting to act on its behalf." These media companies and association encompass a potentially infinite amount of responsive entities including labels, sublabels, distribution companies, joint ventures, imprints, side artist deals, vanity labels, loan out corporations, holding companies, etc. It is impossible to answer as to these potential entities without a more definite and finite list of the entities covered.

4.     IPE objects to the entirety of the Subpoena on the ground that it impermissibly seeks to compel IPE to appear and testify in violation of the territorial limitations set forth in the Federal Rules of Civil Procedure. While Non-Party IPE maintains offices in California and in Australia, IPE's person most knowledgeable with respect to the categories in the Subpoena is based in Australia, which is more than 100 miles outside of Los Angeles, California. Fed. R. Civ. P. Rule 45(c)(1)(A) (providing that subpoenas issued to nonparty witnesses for hearings and depositions can only require that a person travel within 100 miles of where "the person resides, is employed, or regularly transacts business in person"); *Estate of Klieman v. Palestinian Authority*, 293 F.R.D. 235, 238-240 (D. D.C. 2013) (holding that subpoena to nonparty entity violates 100-mile nonparty limit where entity organized and headquartered in a foreign country does not employ anyone suitable to serve as FRCP 30(b)(6) representative within 100-mile limit, even though it had a satellite office in the United States); *Davies Innovations Inc. v. Strum, Ruger & Co., Inc.*, No. 3:15-CV-282, 2016 WL 8114127, at *9 (S.D. Tex. July 31, 2016) (granting a motion to transfer because key non-party witnesses were located outside of the 100 mile radius provided by Rule 45(c), even though some witnesses were located within the 100 mile radius).

"A court deciding whether a deposition should be modified or quashed under [rule 45(c)] need not decide whether the witness is subject to the forum's jurisdiction. 'In considering when a non-party witness may be commanded by subpoena to appear ... the court does not consider the forum state's power or the notice to the witness, but only the burden to the witness of being required to physically appear.'" *Halliburton Energy Servs., Inc. v. M-I, LLC*, No. H06MC00053, 2006 WL 2663948, at *2 (S.D. Tex. Sept. 15, 2006). Requiring Responding Non-Party IPE to produce a person most knowledgeable in Los Angeles would subject it to undue burden, oppression and expense.

5.

6.      Responding Non-Party IPE objects to the entirety of the Subpoena on the ground it presents an undue burden. "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party." *METROPCS v. Isaiah Michael Thomas, Lorraine Frazin, Movant.*, No. 3:18-MC-29-K-BN, 2018 WL 2933673, at *7 (N.D. Tex. June 12, 2018). The Subpoena requests irrelevant, unnecessary, overbroad, and vague information and documents. The Subpoena constitutes an undue burden because Responding Non-Party IPE's person(s) most knowledgeable are located in Australia and the travel expense and burden of complying with the Subpoena in Los Angeles would be substantial.

7.      To the extent that the Subpoena calls for or seeks the disclosure of confidential communications, or information that is otherwise covered by the attorney-client privilege, the work-product doctrine, or any other right or privilege recognized by California, Texas, or federal law, IPE generally object to the Subpoena. IPE will not reveal such information where doing so would violate the attorney-client privilege rights of its customers or clients, UMG Recordings

**NON-PARTY RESPONDENT IP ECHELON'S OBJECTIONS TO DEPOSITION SUBPOENA AND DOCUMENT REQUESTS**

Inc., other Plaintiffs (including Capitol Records, LLC, Capitol Christian Music Group, Inc., Fonovisa, Inc., Rock-A-Fella Records, LLC, Tooth & Nail, LLC, Sony Music Entertainment, Arista Records LLC, Arista Music, LaFace Records LLC, Zomba Recording LLC, Warner Bros. Records Inc., Atlantic Recording Corporation, Elektra Entertainment Group, Inc., Fueled by Ramen LLC, Nonesuch Records Inc., Rhino Entertainment Company, and Roadrunner Records, Inc.), or of third parties.

8.      IPE objects to the Subpoena in its entirety because it is unduly burdensome and overbroad as to the scope of the documents requested and amounts to an improper fishing expedition upon a nonparty to the above-captioned action.

9.      IPE objects to the Subpoena to the extent it requests production of documents which involve Responding Non-Party IPE's trade secrets and otherwise concern non-public confidential business information in violation of Responding Party IPE's privacy rights in its private business and financial affairs.

10.     IPE objects to the Subpoena to the extent it requests documents containing privileged, proprietary, financial, tax and/or confidential information of third parties or otherwise seeks to invade the privacy of third parties.

11.     IPE objects to the Subpoena to the extent that its seeks information protected by the California, Texas, or United States constitutions, California, Texas, or federal statutes or case law that establish a right of privacy and forbid the discovery and dissemination of confidential, sensitive and financial information.  IPE will not reveal such information where doing so would violate the privacy rights of its customers or clients, UMG Recordings Inc., other Plaintiffs (including Capitol Records, LLC, Capitol Christian Music Group, Inc., Fonovisa, Inc., Rock-A-Fella Records, LLC, Tooth & Nail, LLC, Sony Music Entertainment, Arista Records LLC, Arista Music, LaFace Records LLC, Zomba Recording LLC, Warner Bros. Records Inc., Atlantic Recording Corporation, Elektra Entertainment Group, Inc., Fueled by Ramen LLC, Nonesuch Records Inc., Rhino Entertainment Company, and Roadrunner Records, Inc.), or of third parties.

12.     IPE objects to the Subpoena in its entirety on the grounds that it seeks information

1074315.1                                      -4-                                              95

**NON-PARTY RESPONDENT IP ECHELON'S OBJECTIONS TO DEPOSITION SUBPOENA AND**
**DOCUMENT REQUESTS**

that is not relevant to this proceeding or reasonably calculated to lead to the discovery of admissible evidence.

Each General Objection is hereby expressly incorporated by reference into each of the following Responses, regardless of whether it is repeated.

## RESPONSES AND OBJECTIONS TO MATTERS FOR EXAMINATION

### MATTER FOR EXAMINATION NO. 1:

The processes, procedures, and methods by which IP-Echelon monitors Peer-to-Peer file sharing networks in order to identify alleged infringers of copyrighted works, including through use and operation of the IP-Echelon System or any third-party software.

### RESPONSE TO MATTER FOR EXAMINATION NO. 1:

IPE incorporates each and every General Objection as though fully set forth, herein. IPE objects to this Matter for Examination to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine. IPE objects to this Matter for Examination to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply. IPE objects to this Matter for Examination to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Responding Non-Party IPE will not be producing anyone to testify.

### MATTER FOR EXAMINATION NO. 2:

The capabilities and functionality of the IP-Echelon System related to monitoring and detecting Peer-to-Peer file sharing activity associated with a particular internet subscriber and a particular ISP, including but not limited to the ability to identify an internet subscriber that has downloaded a copyrighted work and subsequently provide a IP-Echelon Notice to the ISP that provides internet service to that same internet subscriber.

**NON-PARTY RESPONDENT IP ECHELON'S OBJECTIONS TO DEPOSITION SUBPOENA AND DOCUMENT REQUESTS**

**RESPONSE TO MATTER FOR EXAMINATION NO. 2:**

IPE incorporates each and every General Objection as though fully set forth, herein. IPE objects to this Matter for Examination to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine. IPE objects to this Matter for Examination to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply. IPE objects to this Matter for Examination to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Responding Non-Party IPE will not be producing anyone to testify.

**MATTER FOR EXAMINATION NO. 3:**

The considerations that informed IP-Echelon's decision(s) to send and continue sending IP-Echelon Notices to Grande.

**RESPONSE TO MATTER FOR EXAMINATION NO. 3:**

IPE incorporates each and every General Objection as though fully set forth, herein. IPE objects to this Matter for Examination to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine. IPE objects to this Matter for Examination to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply. IPE objects to this Matter for Examination to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Responding Non-Party IPE will not be producing anyone to testify.

## MATTER FOR EXAMINATION NO. 4:

The considerations and negotiations that resulted in IP-Echelon associating with the RIAA and/or its members for purposes of sending IP-Echelon Notices to Grande.

## RESPONSE TO MATTER FOR EXAMINATION NO. 4:

IPE incorporates each and every General Objection as though fully set forth, herein.  IPE objects to this Matter for Examination to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine.  IPE objects to this Matter for Examination to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply.  IPE objects to this Matter for Examination to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence.  Responding Non-Party IPE will not be producing anyone to testify.

## MATTER FOR EXAMINATION NO. 5:

IP-Echelon's knowledge regarding Grande and/or Patriot's alleged liability for acts of copyright infringement by Grande Subscribers.

## RESPONSE TO MATTER FOR EXAMINATION NO. 5:

IPE incorporates each and every General Objection as though fully set forth, herein.  IPE objects to this Matter for Examination to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine.  IPE objects to this Matter for Examination to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply.  IPE objects to this Matter for Examination to the extent it seeks information not relevant to the

**NON-PARTY RESPONDENT IP ECHELON'S OBJECTIONS TO DEPOSITION SUBPOENA AND DOCUMENT REQUESTS**

subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Responding Non-Party IPE will not be producing anyone to testify.

**MATTER FOR EXAMINATION NO. 6:**

The development, testing, and evaluation of the software that embodies the IPEchelon System.

**RESPONSE TO MATTER FOR EXAMINATION NO. 6:**

IPE incorporates each and every General Objection as though fully set forth, herein. IPE objects to this Matter for Examination to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine. IPE objects to this Matter for Examination to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply. IPE objects to this Matter for Examination to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Responding Non-Party IPE will not be producing anyone to testify.

**MATTER FOR EXAMINATION NO. 7:**

The basis for IP-Echelon's assertion(s) that a particular Grande Subscriber has committed copyright infringement or infringed one of the copyrighted works belonging to an RIAA member.

**RESPONSE TO MATTER FOR EXAMINATION NO. 7:**

IPE incorporates each and every General Objection as though fully set forth, herein. IPE objects to this Matter for Examination to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine. IPE objects to this Matter for Examination to the extent that it is overly

broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply. IPE objects to this Matter for Examination to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Responding Non-Party IPE will not be producing anyone to testify.

**MATTER FOR EXAMINATION NO. 8:**

Any values, conditions, or other quantifiable measures that the IP-Echelon System detects or utilizes in order to identify an alleged infringer or send a IP-Echelon Notice.

**RESPONSE TO MATTER FOR EXAMINATION NO. 8:**

IPE incorporates each and every General Objection as though fully set forth, herein. IPE objects to this Matter for Examination to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine. IPE objects to this Matter for Examination to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply. IPE objects to this Matter for Examination to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Responding Non-Party IPE will not be producing anyone to testify.

**MATTER FOR EXAMINATION NO. 9:**

IP-Echelon's knowledge of actual, potential, or alleged flaws, weaknesses, deficiencies, inefficiencies, errors, lack or absence of features or functionality, performance issues, modifications or improvements needed, or any other problem associated with the IPEchelon System and IP-Echelon Notices, including but not limited to the IP-Echelon System's ability to detect and identify activity associated with copyright infringement.

**RESPONSE TO MATTER FOR EXAMINATION NO. 9:**

IPE incorporates each and every General Objection as though fully set forth, herein.  IPE objects to this Matter for Examination to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine.  IPE objects to this Matter for Examination to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply.  IPE objects to this Matter for Examination to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence.  Responding Non-Party IPE will not be producing anyone to testify.

**MATTER FOR EXAMINATION NO. 10:**

IP-Echelon's knowledge of IP-Echelon Notices that were inaccurate, incomplete, or otherwise improperly sent to a recipient ISP.

**RESPONSE TO MATTER FOR EXAMINATION NO. 10:**

IPE incorporates each and every General Objection as though fully set forth, herein.  IPE objects to this Matter for Examination to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine.  IPE objects to this Matter for Examination to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply.  IPE objects to this Matter for Examination to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence.  Responding Non-Party IPE will not be producing anyone to testify.

**NON-PARTY RESPONDENT IP ECHELON'S OBJECTIONS TO DEPOSITION SUBPOENA AND DOCUMENT REQUESTS**

## MATTER FOR EXAMINATION NO. 11:

IP-Echelon's receipt of communications from ISPs identifying legal and/or factual issues with IP-Echelon Notices and/or the IP-Echelon System.

## RESPONSE TO MATTER FOR EXAMINATION NO. 11:

IPE incorporates each and every General Objection as though fully set forth, herein. IPE objects to this Matter for Examination to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine. IPE objects to this Matter for Examination to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply. IPE objects to this Matter for Examination to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Responding Non-Party IPE will not be producing anyone to testify.

## MATTER FOR EXAMINATION NO. 12:

IP-Echelon's actions or efforts to address, attend to, or remedy actual, potential, or alleged issues or problems with the IP-Echelon System or IP-Echelon Notices.

## RESPONSE TO MATTER FOR EXAMINATION NO. 12: .

IPE incorporates each and every General Objection as though fully set forth, herein. IPE objects to this Matter for Examination to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine. IPE objects to this Matter for Examination to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply. IPE objects to this Matter for Examination to the extent it seeks information not relevant to the

**NON-PARTY RESPONDENT IP ECHELON'S OBJECTIONS TO DEPOSITION SUBPOENA AND DOCUMENT REQUESTS**

subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence.  Responding Non-Party IPE will not be producing anyone to testify.

## MATTER FOR EXAMINATION NO. 13:

All business relationships and associations between IP-Echelon and any of the Plaintiffs.

## RESPONSE TO MATTER FOR EXAMINATION NO. 13:

IPE incorporates each and every General Objection as though fully set forth, herein.  IPE objects to this Matter for Examination to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine.  IPE objects to this Matter for Examination to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply.  IPE objects to this Matter for Examination to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence.  Responding Non-Party IPE will not be producing anyone to testify.

## MATTER FOR EXAMINATION NO. 14:

All business relationships and associations between IP-Echelon and the RIAA.

## RESPONSE TO MATTER FOR EXAMINATION NO. 14:

IPE incorporates each and every General Objection as though fully set forth, herein.  IPE objects to this Matter for Examination to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine.  IPE objects to this Matter for Examination to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply.  IPE objects to this Matter for Examination to the extent it seeks information not relevant to the

NON-PARTY RESPONDENT IP ECHELON'S OBJECTIONS TO DEPOSITION SUBPOENA AND DOCUMENT REQUESTS

subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Responding Non-Party IPE will not be producing anyone to testify.

**MATTER FOR EXAMINATION NO. 15:**

The compensation, remuneration, or other forms of payment that IP-Echelon has received or is entitled to receive, if any, directly or indirectly in conjunction with a legal proceeding against Grande and/or Patriot.

**RESPONSE TO MATTER FOR EXAMINATION NO. 15:**

IPE incorporates each and every General Objection as though fully set forth, herein. IPE objects to this Matter for Examination to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine. IPE objects to this Matter for Examination to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply. IPE objects to this Matter for Examination to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Responding Non-Party IPE will not be producing anyone to testify.

**MATTER FOR EXAMINATION NO. 16:**

All communications between IP-Echelon and TorrentFreak.com (including but not limited to Ernesto Van der Sar) regarding fake or spoofed infringement notices, including those reflected in the June 24, 2016 article (https://torrentfreak.com/piracy-phishing-scam-targets-u-sisps-subscribers-160624/), attached as Exhibit 1 hereto.

**RESPONSE TO MATTER FOR EXAMINATION NO. 16:**

IPE incorporates each and every General Objection as though fully set forth, herein. IPE objects to this Matter for Examination to the extent it seeks the disclosure of confidential and

proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine. IPE objects to this Matter for Examination to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply. IPE objects to this Matter for Examination to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Responding Non-Party IPE will not be producing anyone to testify.

**MATTER FOR EXAMINATION NO. 17:**

IP-Echelon's knowledge of fake or spoofed infringement notices, including but not limited to fake or spoofed IP-Echelon Notices such as the notice reflected in Exhibit 1, and any investigation(s) into such notices.

**RESPONSE TO MATTER FOR EXAMINATION NO. 17:**

IPE incorporates each and every General Objection as though fully set forth, herein. IPE objects to this Matter for Examination to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine. IPE objects to this Matter for Examination to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply. IPE objects to this Matter for Examination to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Responding Non-Party IPE will not be producing anyone to testify.

**MATTER FOR EXAMINATION NO. 18:**

IP-Echelon's use of digital signatures using the PGP protocol on IP-Echelon Notices and the reasons for their use, including but not limited to the statement in Exhibit 1 ("IPE notices are

**NON-PARTY RESPONDENT IP ECHELON'S OBJECTIONS TO DEPOSITION SUBPOENA AND DOCUMENT REQUESTS**

signed with PGP for ISPs to check authenticity").

**RESPONSE TO MATTER FOR EXAMINATION NO. 18:**

IPE incorporates each and every General Objection as though fully set forth, herein. IPE objects to this Matter for Examination to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine. IPE objects to this Matter for Examination to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply. IPE objects to this Matter for Examination to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Responding Non-Party IPE will not be producing anyone to testify.

**MATTER FOR EXAMINATION NO. 19:**

The substance of the documents produced in response to Attachment B.

**RESPONSE TO MATTER FOR EXAMINATION NO. 19:**

IPE incorporates each and every General Objection as though fully set forth, herein. IPE objects to this Matter for Examination to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine. IPE objects to this Matter for Examination to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply. IPE objects to this Matter for Examination to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Responding Non-Party IPE will not be producing anyone to testify.

**MATTER FOR EXAMINATION NO. 20:**

The efforts and actions taken by IP-Echelon in order to identify and locate responsive documents and prepare a witness to provide testimony in response to this subpoena.

**RESPONSE TO MATTER FOR EXAMINATION NO. 20:**

IPE incorporates each and every General Objection as though fully set forth, herein. IPE objects to this Matter for Examination to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine. IPE objects to this Matter for Examination to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply. IPE objects to this Matter for Examination to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Responding Non-Party IPE will not be producing anyone to testify.

## RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

Documents and communications that refer or relate to agreements between you and the RIAA or any Plaintiff that pertain to Grande, Patriot, or this lawsuit, including but not limited to any agreement relating to use of evidence in a legal proceeding and any agreements relating to payment or remuneration derived from an award obtained by the RIAA or Plaintiffs in a legal proceeding.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

IPE incorporates each and every General Objection as though fully set forth, herein. IPE objects to this Document Request to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the

work-product doctrine. IPE objects to this Document Request to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply. IPE objects to this Document Request to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Responding Non-Party IPE will not be producing any documents.

## DOCUMENT REQUEST NO. 2:

Documents that refer or relate to communications between you and the RIAA or any of the Plaintiffs concerning Grande, Patriot, and/or Grande Subscribers.

## RESPONSE TO DOCUMENT REQUEST NO. 2:

IPE incorporates each and every General Objection as though fully set forth, herein. IPE objects to this Document Request to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine. IPE objects to this Document Request to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply. IPE objects to this Document Request to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Responding Non-Party IPE will not be producing any documents.

## DOCUMENT REQUEST NO. 3:

Documents that refer or relate to the considerations that informed your decision(s) to send (and continue sending) IP-Echelon Notices to Grande.

## RESPONSE TO DOCUMENT REQUEST NO. 3:

IPE incorporates each and every General Objection as though fully set forth, herein. IPE

objects to this Document Request to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine. IPE objects to this Document Request to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply. IPE objects to this Document Request to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Responding Non-Party IPE will not be producing any documents.

## DOCUMENT REQUEST NO. 4:

Documents that refer or relate to the ability of the IP-Echelon to observe or detect infringement over Peer-to-Peer file sharing networks.

## RESPONSE TO DOCUMENT REQUEST NO. 4:

IPE incorporates each and every General Objection as though fully set forth, herein. IPE objects to this Document Request to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine. IPE objects to this Document Request to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply. IPE objects to this Document Request to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Responding Non-Party IPE will not be producing any documents.

## DOCUMENT REQUEST NO. 5:

Documents that refer, relate to, or constitute marketing materials, business plans, whitepapers, product manuals and specifications, and other materials that describe the features,

**NON-PARTY RESPONDENT IP ECHELON'S OBJECTIONS TO DEPOSITION SUBPOENA AND DOCUMENT REQUESTS**

functionality, capabilities, and operation of the IP-Echelon System.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

IPE incorporates each and every General Objection as though fully set forth, herein. IPE objects to this Document Request to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine. IPE objects to this Document Request to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply. IPE objects to this Document Request to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Responding Non-Party IPE will not be producing any documents.

**DOCUMENT REQUEST NO. 6:**

Documents that refer or relate to negative feedback or criticism of the IP-Echelon System and/or IP-Echelon Notices.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

IPE incorporates each and every General Objection as though fully set forth, herein. IPE objects to this Document Request to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine. IPE objects to this Document Request to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply. IPE objects to this Document Request to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Responding Non-Party IPE will not be producing any documents.

**NON-PARTY RESPONDENT IP ECHELON'S OBJECTIONS TO DEPOSITION SUBPOENA AND DOCUMENT REQUESTS**

**DOCUMENT REQUEST NO. 7:**

Documents that refer or relate to flaws, weaknesses, deficiencies, inefficiencies, errors, lack or absence of features or functionality, performance issues, modifications or improvements needed, or any other problem associated with the IP-Echelon System.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

IPE incorporates each and every General Objection as though fully set forth, herein. IPE objects to this Document Request to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine. IPE objects to this Document Request to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply. IPE objects to this Document Request to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Responding Non-Party IPE will not be producing any documents.

**DOCUMENT REQUEST NO. 8:**

Documents that refer or relate to actual, potential, or alleged problems, limitations, or flaws concerning the IP-Echelon System's ability to detect copyright infringement.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

IPE incorporates each and every General Objection as though fully set forth, herein. IPE objects to this Document Request to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine. IPE objects to this Document Request to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply. IPE

**NON-PARTY RESPONDENT IP ECHELON'S OBJECTIONS TO DEPOSITION SUBPOENA AND DOCUMENT REQUESTS**

objects to this Document Request to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Responding Non-Party IPE will not be producing any documents.

**DOCUMENT REQUEST NO. 9:**

Documents that refer or relate to legal and/or factual issues, deficiencies, or inaccuracies identified by ISPs regarding IP-Echelon Notices or the ability of the IP-Echelon System to detect copyright infringement.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

IPE incorporates each and every General Objection as though fully set forth, herein. IPE objects to this Document Request to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine. IPE objects to this Document Request to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply. IPE objects to this Document Request to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Responding Non-Party IPE will not be producing any documents.

**DOCUMENT REQUEST NO. 10:**

Documents that refer or relate to efforts or actions taken by IP-Echelon to address or remedy any inaccuracies or deficiencies associated with IP-Echelon Notices.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

IPE incorporates each and every General Objection as though fully set forth, herein. IPE objects to this Document Request to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the

work-product doctrine. IPE objects to this Document Request to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply. IPE objects to this Document Request to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Responding Non-Party IPE will not be producing any documents.

**DOCUMENT REQUEST NO. 11:**

Documents reflecting IP-Echelon's communications with or regarding Rightscorp, Inc.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

IPE incorporates each and every General Objection as though fully set forth, herein. IPE objects to this Document Request to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine. IPE objects to this Document Request to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply. IPE objects to this Document Request to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Responding Non-Party IPE will not be producing any documents.

**DOCUMENT REQUEST NO. 12:**

Documents reflecting communications with the RIAA or its members concerning the accuracy, viability, errors, or problems of or with the IP-Echelon System and/or IP-Echelon Notices.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

IPE incorporates each and every General Objection as though fully set forth, herein. IPE

**NON-PARTY RESPONDENT IP ECHELON'S OBJECTIONS TO DEPOSITION SUBPOENA AND DOCUMENT REQUESTS**

objects to this Document Request to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine. IPE objects to this Document Request to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply. IPE objects to this Document Request to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Responding Non-Party IPE will not be producing any documents.

**DOCUMENT REQUEST NO. 13:**

Documents relating to or reflecting communications between IP-Echelon and TorrentFreak.com (including but not limited to Ernesto Van der Sar) regarding fake or spoofed infringement notices, including those reflected in the June 24, 2016 article (https://torrentfreak.com/piracy-phishing-scam-targets-u-s-isps-subscribers-160624/), attached as Exhibit 1 hereto.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

IPE incorporates each and every General Objection as though fully set forth, herein. IPE objects to this Document Request to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine. IPE objects to this Document Request to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply. IPE objects to this Document Request to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Responding Non-Party IPE will not be producing any documents.

**DOCUMENT REQUEST NO. 14:**

Documents relating to or reflecting IP-Echelon's knowledge of fake or spoofed infringement notices, including but not limited to fake or spoofed IP-Echelon Notices such as the notice reflected in Exhibit 1, and any investigation(s) into such notices.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

IPE incorporates each and every General Objection as though fully set forth, herein. IPE objects to this Document Request to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine. IPE objects to this Document Request to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and oppressive and needlessly require IPE to expend substantial resources in order to comply. IPE objects to this Document Request to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Responding Non-Party IPE will not be producing any documents.

**DOCUMENT REQUEST NO. 15:**

Documents relating to or reflecting IP-Echelon's use of digital signatures using the PGP protocol on IP-Echelon Notices and the reasons for their use, including but not limited to the statement in Exhibit 1 ("IPE notices are signed with PGP for ISPs to check authenticity").

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

IPE incorporates each and every General Objection as though fully set forth, herein. IPE objects to this Document Request to the extent it seeks the disclosure of confidential and proprietary information and/or information protected by the attorney-client privilege and the work-product doctrine. IPE objects to this Document Request to the extent that it is overly broad, not reasonably particularized, and therefore it would be unduly burdensome and

oppressive and needlessly require IPE to expend substantial resources in order to comply.  IPE objects to this Document Request to the extent it seeks information not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Responding Non-Party IPE will not be producing any documents.

BROWNE GEORGE ROSS LLP


/s/Maribeth Annaguey
Maribeth Annaguey, (California Bar No.: 228431)
  mannaguey@bgrfirm.com
Kathryn E. Stuart, (California Bar No.: 320540)
  kstuart@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Phone (310) 274-7100
Fax (310) 275-5697

Attorneys for Non-Party Respondent IP Echelon

NON-PARTY RESPONDENT IP ECHELON'S OBJECTIONS TO DEPOSITION SUBPOENA AND
DOCUMENT REQUESTS

## PROOF OF SERVICE

**UMG RECORDINGS, INC., et al. v.**
**GRANDE COMMUNICATIONS NETWORKS LLC, et al.**
**Case No. 1:17-cv-365-LY**

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2121 Avenue of the Stars, Suite 2800, Los Angeles, CA 90067.

On June 22, 2018, I served true copies of the following document(s) described as **NON-PARTY RESPONDENT IP ECHELON'S OBJECTIONS TO DEPOSITION SUBPOENA** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Browne George Ross LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 22, 2018, at Los Angeles, California.

Jacqueline E. Baker

**NON-PARTY RESPONDENT IP ECHELON'S OBJECTIONS TO DEPOSITION SUBPOENA AND**
**DOCUMENT REQUESTS**

**SERVICE LIST**
**UMG RECORDINGS, INC., et al. v.**
**GRANDE COMMUNICATIONS NETWORKS LLC, et al.**
**Case No. 1:17-cv-365-LY**

Daniel C. Bitting, Esq.                    Attorneys for Plaintiffs
Paige A. Amstutz, Esq.
**SCOTT DOUGLASS & McCONNICO LLP**
303 Colorado Street, Suite 2400
Austin, Texas  78701
Telephone:      (512) 495-6300
Facsimile:      (512) 495-6399
Emails:         dbitting@scottdoug.com
                pamstutz@scottdoug.com

Pat A. Cipollone, P.C. (*pro hac vice* forthcoming)
Jonathan E. Missner (*pro hac vice* forthcoming)
Robert B. Gilmore (*pro hac vice* forthcoming)
Philip J. O'Beirne (*pro hac vice* forthcoming)
**STEIN MITCHELL CIPOLLONE BEATO &**
**MISSNER LLP**
1100 Connecticut Ave., NW, Suite 1100
Washington, DC  20036
Telephone:      (202) 737-7777
Facsimile:      (202) 296-8312
Emails:         pcipollone@steinmitchell.com
                jmissner@steinmitchell.com
                rgilmore@steinmitchell.com
                pobeirne@steinmitchell.com

Nicholas B. Clifford, Esq.
**GRANDE COMMUNICATIONS**
**NETWORKS LLC**
7700 Forsyth Blvd., Suite 1800
St. Louis, MO  63105
Telephone:      (314) 259-4711
Email:  nclifford@armstrongteasdale.com

1074315.1

**NON-PARTY RESPONDENT IP ECHELON'S OBJECTIONS TO DEPOSITION SUBPOENA AND**
**DOCUMENT REQUESTS**